UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2018-2
AUGUST 6, 2019 SESSION



FILED
AUG -6 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-cr-00120

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(c)(1)(A)
18 U.S.C. § 2
DANIEL COLLAZO           18 U.S.C. § 1029(a)(4)
YAIDELYS ACOSTA          18 U.S.C. § 1029(a)(3)
YAISEL OQUENDO-CABALLERO
RANNIEL ACOSTA

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Using Unauthorized Access Devices)

From on or about November 18, 2018, and continuing through on or about December 20, 2018, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants DANIEL COLLAZO, YAIDELYS ACOSTA, YAISEL OQUENDO-CABALLERO, and RANNIEL ACOSTA aided and abetted by each other, knowingly and with intent to defraud used unauthorized access devices and by such conduct obtained gift cards and merchandise valued at $1,000 or more, affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029 (a)(2), (c)(1)(A)(i), and 2.

## COUNT TWO

**(Illegal Possession, Production, or Trafficking in Device-Making Equipment)**

On or about December 20, 2018, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants DANIEL COLLAZO, YAIDELYS ACOSTA, YAISEL OQUENDO-CABALLERO, and RANNIEL ACOSTA aided and abetted by each other, did knowingly and with intent to defraud, produce, traffic in, have control and custody of, and possess access device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), and 2.

## COUNT THREE
### (Possession of Fifteen or More Counterfeit Access Devices)

On or about December 20, 2018, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendants DANIEL COLLAZO, YAIDELYS ACOSTA, YAISEL OQUENDO-CABALLERO, and RANNIEL ACOSTA aided and abetted by each other, and other persons known and unknown to the Grand Jury, did knowingly and with intent to defraud, possess at least fifteen counterfeit and unauthorized access devices, that is, fifteen (15) counterfeit and unauthorized devices as defined in subsections (e)(2) and (3), in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3), 1029(c)(1)(A)(i), and 2.

**Notice of Forfeiture**

In accordance with 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. §§ 1029(c)(1)(C) and (c)(2), and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of defendants DANIEL COLLAZO, YAIDELYS ACOSTA, YAISEL OQUENDO-CABALLERO, and RANNIEL ACOSTA of a violation of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), 1029(a)(4), 1029(c)(1)(A), and 1029(c)(1)(C), as set forth in this Indictment, defendants DANIEL COLLAZO, YAIDELYS ACOSTA, YAISEL OQUENDO-CABALLERO, and RANNIEL ACOSTA shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations; and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

The property to be forfeited includes, but is not limited to a money judgment for the proceeds obtained, directly or indirectly, as a result of such violations.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

MICHAEL B. STUART
United States Attorney

By: *[signature]*

CHRISTOPHER R. ARTHUR
Assistant United States Attorney